United States District Court
District of Minnesota

| | |
|---|---|
| Andrew Horowitz,<br><br>Plaintiff,<br><br>v.<br><br>American Coradius International LLC,<br><br>Defendant. | Court file no. _____<br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in its illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides in Minnesota, and Defendant transacts business in Minnesota.

## Parties

4. Plaintiff Andrew Horowitz is a natural person who resides in the city of St. Paul, county of Ramsey, state of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant American Coradius International LLC ("ACI") is a foreign company and collection agency with a principal address of 2420 Sweet Home Road #150, Amherst, NY 14228, and its registered agent in Minnesota of Corporation Service Company, 380 Jackson Street #700, St. Paul, MN 55101. ACI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

6. On or before 2006, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a mortgage with Citibank, N.A., which was used by Plaintiff for personal, family, and household purchases.

7. On or about January 6, 2012, Plaintiff filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of Minnesota. *See* USBC MN File No. 12-30063.

8. The debt, including the last four digits of the alleged account number, was listed in Plaintiff's bankruptcy petition and Plaintiff's obligation on the debt was scheduled to be discharged as part of Plaintiff's bankruptcy petition.

9. On or about April 3, 2012, Plaintiff's bankruptcy petition was discharged.

10. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant ACI for collection from Plaintiff.

11. As part of its illegal collection efforts, Defendant contacted Plaintiff in its efforts to collect the debt.

### Defendant ACI Sends an Illegal Collection Letter

12. On or about December 6, 2013, Defendant ACI contacted Plaintiff by letter in an effort to collect this debt, which was communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. The letter states that Defendant ACI is currently collecting Plaintiff's account, or words to that effect.

14. The letter stated that Plaintiff owed a debt, or words to that effect.

15. The above-described debt was discharged in bankruptcy and Plaintiff does not owe the debt.

16. After reading the letter, Plaintiff became anxious and upset, as he understood that he had discharged the debt in bankruptcy.

17. This letter was an illegal communication in an attempt to collect a debt in violation of the automatic stay of the bankruptcy code as well as numerous provisions of the FDCPA.

18. The above-described collection communication made to Plaintiff by Defendant ACI, was a false, deceptive and illegal attempt to collect this

debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

### Defendant ACI Makes an Illegal Collection Call to Plaintiff

19. On or about January 3, 2014, Defendant ACI contacted Plaintiff by telephone in an effort to collect this debt, which was communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Plaintiff spoke with Defendant ACI's debt collector named Virginia.

21. Defendant ACI's debt collector asked Plaintiff how was going to repay the debt, or words to that effect.

22. Plaintiff explained that he had filed bankruptcy and the debt had been discharged as part of his bankruptcy, or words to that effect.

23. Defendant ACI's debt collector said she wasn't sure why ACI was collecting the debt if it had been discharged, or words to that effect.

24. The above-described collection communication made to Plaintiff by Defendant ACI, was a false, deceptive and illegal attempt to collect this debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.

## Summary

25. The above-described collection communication made to Plaintiff by Defendant ACI, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

26. The above-detailed conduct by Defendant ACI of harassing Plaintiff in an effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

27. Plaintiff has suffered actual damages as a result of Defendant ACI's illegal conduct in the form of anxiety, frustration, amongst other negative emotions.

28. Defendant ACI's illegal abusive collection communication described above was the direct and proximate cause of emotional distress on the part of Plaintiff.

## Trial by Jury

29. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

30. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

31. The foregoing intentional and negligent acts and omissions of Defendant ACI constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

32. As a result of Defendant ACI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant ACI.

**Prayer for Relief**

**Wherefore**, Plaintiff prays that judgment be entered against Defendant ACI for:

**Count 1:
Violations of the Fair Debt Collection Practices Act
15 U.S.C. §§ 1692 et seq.**

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: October 20, 2014

s/Randall P. Ryder
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3270
e-mail • email@theryderlawfirm.com

**Attorney for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF HENNEPIN   )

Pursuant to 28 U.S.C. § 1746, Plaintiff Andrew Horowitz having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney(s) and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/7/14

Andrew Horowitz